IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-CV-00072-M

| | |
|---|---|
| JEROME BAGGETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on a memorandum and recommendation ("M&R") issued by United States Magistrate Judge Robert T. Numbers, II (DE 28) with respect to the parties' cross-motions for judgment on the pleadings. DE 20, 25. For the reasons that follow, the court adopts the M&R in full.

I. **BACKGROUND**

Plaintiff Jerome Baggett challenges the Commissioner's decision affirming Administrative Law Judge ("ALJ") Christopher Willis' denial of Plaintiff's application for social security income, arguing that the ALJ erred in both determining Plaintiff's residual functional capacity ("RFC") and evaluating the medical opinion evidence. The matter was referred to Magistrate Judge Numbers for a recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Judge Numbers found that substantial evidence supports the ALJ's RFC determination and that the ALJ provided valid reasons for the weight he assigned the medical opinions in this case; thus, Judge Numbers recommends that this court deny the Plaintiff's motion, grant the Defendant's motion, and affirm the Commissioner's decision. DE 28.

Plaintiff filed a timely objection, arguing that the magistrate judge improperly found that (1) the ALJ's RFC determination properly accounted for Plaintiff's obesity despite the effects Plaintiff's fatigue had on his ability to work, including that Plaintiff's obstructive sleep apnea caused his low energy, daytime somnolence, and difficulty falling asleep after initiation of the CPAP machine; and (2) the ALJ properly rejected Plaintiff's therapist's "check box" opinion where the opinion is supported by clinical evidence. The Commissioner filed no response to Plaintiff's objections.[1]

## II. DISCUSSION

### A. Standards of Review

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1).

The Federal Magistrates Act requires that a district court review de novo those portions of the magistrate judge's M&R to which an objection is made. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)). Without timely objection, de novo review is unnecessary, and a district court need only check for clear error on

---

[1] On August 6, 2021, Plaintiff filed a "Suggestion of Subsequently Decided Authority" and attached a copy of a Memorandum Opinion for the Deputy Counsel to the President regarding the constitutionality of the Commissioner of Social Security's Tenure Protection. *See* DE 30. Plaintiff has filed no objection nor any other motion or other document concerning this issue and provides no explanation for the memorandum's application here. The court finds the memorandum irrelevant to the adjudication of the issues before the court.

the face of the record to accept the magistrate judge's recommendation. *Id.* Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). The "substantial evidence" required is more than "a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). While not "reflexively rubber-stamp[ing] the ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Instead, the scope of review is limited to ensuring that the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusion." *Id.*; *see also Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997) (discussing that a court's review focuses on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

**B. Analysis**

The court notes first that Plaintiff's objections to the M&R largely appear to mirror those

3

lodged against the ALJ in Plaintiff's motion for judgment on the pleadings. Such objections are improper under § 636; however, to the extent that the court can construe any purported error Plaintiff specifies on the part of the magistrate judge, the court will address it.

1. Objection #1

According to Plaintiff, Magistrate Judge Numbers improperly found that the ALJ's residual functional capacity ("RFC") determination sufficiently accounted for Plaintiff's obesity despite the effects Plaintiff's fatigue had on his ability to work. However, Plaintiff does not identify Judge Numbers' error, except to say that he, like the ALJ, failed to "acknowledge[ ] Baggett's continuing low energy, daytime somnolence, and difficulty falling asleep after initiation of the CPAP." To the extent this may suffice as a judicial "error," the court overrules Plaintiff's objection. Judge Numbers correctly found that the ALJ considered the effects of Plaintiff's obesity and low testosterone, including fatigue, irritability, and difficulty concentrating, and found the evidence revealed that despite a Body Mass Index ("BMI") over 50, Plaintiff's physical examinations yielded mostly normal findings, Plaintiff chose to discontinue the recommended treatment for his low testosterone, Plaintiff reported to a medical provider the he had worked in his garden for six hours, and Plaintiff acknowledged that medications had helped his symptoms. In addition, the ALJ noted his own observations that during the hearing Plaintiff was able to concentrate, sustain focus, remember his medical history, and understand and respond to questions without any difficulty. R. 75.

With these and other considerations in mind, the ALJ thoroughly crafted the following comprehensive RFC, which, despite its restrictions, allowed Plaintiff to work certain jobs available in significant numbers in the national economy:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following provisos: he is limited to frequent climbing ramps and stairs; occasional

4

climbing ladders, ropes, or scaffolds; frequent balancing; occasional stooping, kneeling, crouching, and/or crawling; avoid concentrated exposure to temperature extremes, humidity, and pulmonary irritants, such as fumes, odors, dust, gases, poor ventilation and the like; avoid concentrated [exposure] to workplace hazards, such as dangerous moving machinery and unprotected heights; he is limited to frequent use of upper extremities for reaching in all directions, handling, fingering, feeling, pushing, pulling, and/or operating hand controls; he is limited to frequent use of the lower extremities for pushing, pulling, and/or operating foot controls; he is able to understand and perform simple, routine, repetitive tasks, and maintain concentration, persistence, and pace to stay on task for 2-hour periods over a typical 8-hour day, in a low stress setting, further defined to mean no production-pace or quota-based work; rather, he requires a goal-oriented job primarily dealing with things rather than people, with no more than occasional social interaction with supervisors and/or co-workers, but no work with the public as part of the job, such as sales or negotiation, though casual or incidental contact is not precluded.

R. 76. The court finds no error by the magistrate judge in concluding that substantial evidence supports the ALJ's opinion with respect to consideration of the effects of all of Plaintiff's limitations on his ability to work.

2. Objection #2

Plaintiff objects that Magistrate Judge Numbers improperly agreed with the ALJ's rejection of Plaintiff's therapist's "check box" opinion, arguing that the medical evidence supports the therapist's findings. To the extent that Judge Numbers' agreement may be considered an "error," this court overrules the objection. Contrary to Plaintiff's objection, Judge Numbers did not find that the ALJ rejected Plaintiff's therapist's opinion for the sole reason that it appeared on a "check box form." Objection at 6, DE 29. Judge Numbers found that the ALJ properly considered not only the therapist's records, but also the agency psychologists' evaluations, non-mental health care records, and the testimony of both the Plaintiff and his mother. *See* R. 78-79. The ALJ found the agency psychologists' opinions only partially persuasive, noting they failed to impose stricter limitations on the Plaintiff's abilities consistent with the record evidence and testimony. R. 78. Plaintiff is correct that part of the ALJ's findings focused on Plaintiff's visits with and reports to

5

his primary care physician and other doctors, but the ALJ also noted the testimony concerning Plaintiff's abilities to attend events with other people[2] and complete tasks around the house like gardening and laundry. The ALJ considered these abilities together with Plaintiff's diagnosis of depression and reports of anger and violent outbursts. R. 77-78.

Regarding the therapist's opinion that Plaintiff had "extreme" limitations in his mental capacities, the ALJ noted the Plaintiff was never hospitalized for mental health issues and that on July 18, 2018, after more than a year of therapy, the Plaintiff presented to a doctor for "foot pain" and on examination, the doctor noted that Plaintiff was "negative" for anxiety and depression (R. 660) and presented as "oriented to time, place, person & situation. Appropriate mood and affect" (R. 662). Plaintiff contends his health care providers "noted his inability to work due to his mood/anger and that he gets mad or frustrated easily." DE 29 at 5. However, the records Plaintiff cites reveal what appear to be Plaintiff's own reports to the doctor. *See* R. 664, 665.

With respect to the "check box form," the ALJ found the therapist provided "no explanation for the [extreme] limitations selected" on the form. R. 79. Plaintiff does not dispute this finding and the court agrees that the form contains no explanation for each limitation selected. *See* R. 726-731. The ALJ further explained that while the "record does support [that] the claimant repeatedly reported depressive symptoms and shared stories of violence," the ALJ concluded that the whole of the medical records supported no "greater than moderate mental limitations/restrictions." *Id.* ("Despite the claimant's serious mental health issues, he has been able to deal with his treatment providers appropriately, and most records by his primary care provider and other non-mental providers demonstrate normal mental status findings on exams."). Plaintiff argues that his

---

[2] The record reflects that Plaintiff has six children, which on May 18, 2017, ranged in age from 8 months to 14 years old. R. 585. Plaintiff reported that he attended sporting events with his children.

6

therapist's treatment notes support the opinion that his limitations are extreme (DE 29 at 5); however, Plaintiff cites generally to forty-two pages of the record, most of which contain Plaintiff's own reports (see R. 565-580, 708-725). The court finds Plaintiff has failed to demonstrate the magistrate judge or the ALJ erred in finding the therapist's opinion unpersuasive.

### 3. Other Considerations

Plaintiff does not object to the M&R's "Background," Legal Standards for "Review of the Commissioner's Final Decision" and "Evaluating Disability," or "Medical Background" sections. The court finds no clear error with those sections on the face of the record and, therefore, adopts and incorporates by reference those portions of the M&R.

## III. CONCLUSION

This court's review of the ALJ's decision is confined to whether substantial evidence in the record, as it was reviewed by the ALJ, supports his decision and whether he applied correct legal standards. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). Even if other evidence exists that may support Plaintiff's position, the court is not permitted to reweigh the evidence or to substitute its own judgment for that of the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). In considering the entire record, and the evidence referenced herein, the court finds that Magistrate Judge Numbers correctly found that the ALJ supported his RFC determination with substantial evidence and properly weighed the relevant medical opinions.

7

Therefore, the court: (1) OVERRULES Plaintiff's objections [DE 29]; (2) ADOPTS the M&R [DE 28]; (3) DENIES Plaintiff's Motion for Judgment on the Pleadings [DE 20]; (4) GRANTS Defendant's Motion for Judgment on the Pleadings [DE 25]; and (5) AFFIRMS the decision of the Commissioner of the Social Security Administration. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant and close the case.

SO ORDERED this 29th day of September, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE